## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

KIMBERLY SUE DE LA TORRE,

        Plaintiff,

v.                                Case No. 05-2344-CM-DJW

AE CORPORATE SERVICES COMPANY, et al.,

        Defendants.

### PROTECTIVE ORDER

Plaintiff brings this suit against Defendants pursuant to Title VII and the Kansas Act Against Discrimination, claiming she was subjected to hostile work environment sexual harassment; that she was terminated in retaliation for complaints of harassment; and/or that she was terminated because of her sex or Mexican ancestry.  Plaintiff further alleges negligent retention of an unfit supervisor.

During this lawsuit, the parties wish to maintain the confidentiality of the following documents, which will be open to discovery by the parties:

- Plaintiff's medical records, financial, wage and tax information;

- Documents that contain Defendants' business plans and strategies, pricing, marketing and advertising strategies, sales revenues, financial condition or tax returns; and

- Defendants' documents containing personnel information of any current or former employee of Defendants, other than Plaintiff..

Thus, good cause exists for issuance of this Order, including the fact that many of the persons associated with this matter are current employees of Defendants and reside in communities which are relatively close in proximity; and if the confidential information were known in those general communities, such knowledge could lead to embarrassment, humiliation, and loss of status and/or reputation, and could potentially impact upon certain personal, work and/or business relationships.  Moreover, the parties believe a Protective Order will expedite discovery and facilitate prompt resolution of disputes over confidentiality, and provide adequate protection of the legitimate confidentiality interests of the parties and of Defendants' current and former employees.

Accordingly, it is hereby ordered that:

1.      This Protective Order shall remain in effect for the duration of the above-captioned litigation, unless otherwise ordered by the Court or by the parties.

2.      The purpose of this Protective Order is to protect against the unnecessary disclosure of confidential information.  Information and documents protected by this Protective Order include:  (1) Plaintiff's medical and financial records, including all records from her doctors, psychological exams, wage information and tax returns; and (2) Documents that contain Defendants' business plans and strategies, pricing, marketing and advertising strategies, sales revenues, financial condition or tax returns; and (3) Defendants' documents containing personnel information of any current or former employee of Defendants, other than Plaintiff.  All of the foregoing information, as well as any documents, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents concerning the above-described information may be designated as "CONFIDENTIAL."

3.      The information and documents protected by this Protective Order shall be referred to as "protected materials."  The restrictions contained herein regarding disclosure of protected materials also apply with equal force to any excerpts, analyses, or summaries of such items or the information contained therein, as well as to any pleadings, memoranda, briefs, exhibits, transcripts, or other documents that may be prepared in connection with this litigation that contain or refer to the materials or information contained therein.

4.      "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the protected materials, whether pursuant to request, interrogatory, process or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

5.      Information and documents deemed "confidential" pursuant to this Protective Order shall be designated by stamping or otherwise affixing to the information or documents the label "CONFIDENTIAL."

6.   Protected materials shall not be disclosed in any manner, directly or indirectly, to any person or entity except as provided below:

(a)   <u>Parties and Persons Assisting Counsel</u>: Protected materials may be disclosed to:

(i)   Plaintiff and Defendants;

(ii)   attorneys in partnership or associated with the parties' counsel;

(iii)   clerks, paralegals, secretaries and all other agents in the employ of or associated with the parties' counsel;

(iv)   experts and professional consultants who have been retained by any party or the parties' counsel and who have a need to know said protected materials in order to assist counsel in this litigation, including preparation for trial; and

(v)   the parties' witnesses.

Such disclosures may be made only if those to whom disclosure is made consent that they will be bound by this Protective Order.  With respect to disclosure to the parties' experts, professional consultants, and witnesses, disclosure shall not be made unless such persons state their consent in writing (in the form of an Acknowledgment attached hereto as Exhibit A) to be bound by the terms of this Protective Order. The signed Acknowledgment forms will be mailed by each party's counsel to opposing counsel immediately upon execution.

(b)   <u>The Court and Persons Assisting the Court</u>: Protected materials may be disclosed to:

(i)   the Court;

(ii)   the Clerk of the Court for the United States District Court for the District of Kansas; and

(iii)   clerks, secretaries, and all other agents in the employ of or associated with the Court or the Clerk of the Court for the United States District Court for the District of Kansas.

(c)   <u>Use and Filing of Protected Materials</u>

Nothing in this Protective Order shall limit the right of the parties to use protected materials for purposes of this litigation, including in any pleadings, memoranda, briefs, exhibits or other documents that may be prepared in connection with this litigation.  In the event any party should wish to include any of the

protected materials in any pleading or other document filed with the Court, such party shall first file a motion with the court to be granted leave to file the particular document under seal. Should the motion be granted, the party shall file the pleading or other document, under seal, in accordance with the Court's instructions. In the alternative, if possible, the parties may substitute a redacted copy of the document.

7.      In the event that any protected materials are referred to or used in the deposition of any person initiated by any party, the party's counsel shall have the option, during the deposition or within fourteen (14) days after the deposition, to require the court reporter to prepare the entire transcript and exhibits, or the confidential portion of the transcript or exhibits, under seal. Such transcripts, exhibits, and the information contained therein shall remain protected under this Protective Order regardless of whether the party's counsel exercises the option provided by this subparagraph. Moreover, the parties may, at the deposition or within fourteen (14) days after receiving a copy of the deposition transcript, designate deposition testimony or portions thereof as "confidential."

8.      This Protective Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this litigation.

9.      The parties agree that documents produced in this litigation shall only be used for purposes of this litigation and shall not be used for any other purpose.

10.     Within fourteen (14) days of the final determination of this action, including all appeals, whether by judgment, settlement or otherwise, the parties' counsel shall assemble and return to each other all protected materials produced subject to this Protective Order, including all copies, excerpts, analyses or summaries thereof. In the event counsel possesses attorney work product containing or referencing protected materials, such attorney work product shall remain subject to the restrictions set forth above or in the alternative may be destroyed.

12.     The foregoing is without prejudice to the right of any party to apply to the Court to alter or amend the terms of this Protective Order upon a showing of good cause.

13.     Any violation of the terms of this Protective Order may, in the discretion of the Court, be found to constitute contempt and may result in sanctions to be fixed by the Court in its discretion.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 24th day of April, 2006.


s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

KIMBERLY SUE DE LA TORRE,

                Plaintiff,

v.                                       Case No. 05-2344-CM-DJW

AE CORPORATE SERVICES COMPANY, et al.,

                Defendants.

## ACKNOWLEDGMENT

        I, _____, hereby acknowledge that I have read the Protective Order applicable to this case and am familiar with its terms.

        The undersigned further acknowledges that he/she fully understands the provisions of the Protective Order, agrees to be bound by those provisions, and has been informed of the possible penalties attendant upon a violation of any of those provisions, including but not limited to being held in contempt.


_____    Date: _____

EXHIBIT A

6